[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a three count complaint against the defendant stemming from a written contract to provide home improvement services to his home at 190 Clark Street, New Britain, Connecticut.
The contract price was $8,300.00 and a deposit of $3,655.00 was paid.
The defendant has filed an answer and counterclaim, wherein it seeks the balance claimed due on the contract in the amount of $4,645.00.
The plaintiff, in narrative form, recited what he claimed were violations of the contract. The plaintiff provided no documentary evidence to substantiate his assertions.
Defendant's Exhibit 1 purports to be a "punch list", of items that the defendant acknowledges involve corrective work. The plaintiff refers to a list of items prepared by his daughter which allegedly is more extensive than those items in Exhibit 1. Said list was not offered into evidence.
Although Mr. Gumieniak raised questions as to the quality of the products and workmanship, he presented no evidence as to what monetary loss he claimed to have suffered. In order to prevail the plaintiff must establish his cause of action CT Page 3571 by a preponderance of the evidence, this he did not do, therefore, the court finds for the defendant on the complaint.
Although the court has heard the plaintiff's frustration and disappointment with the outcome of the contract, the plaintiff cannot prevail in that he has failed to sustain his burden of proof as to the allegations in his complaint, particularly as to the nature and extent of his alleged damages.
The plaintiff has referred to his age, his health condition and the health condition of his wife, however, the plaintiff has displayed an understanding of the contract and the work to be performed thereunder.
The plaintiff has satisfied the court that the defendant has not performed in accordance with the requirements of the contract, however, the plaintiff has not established a monetary value for the breach of contract. Therefore, the court cannot award damages on the complaint filed in court.
As to the counterclaim, the defendant presented the testimony of James Ferriola, president of New-Side, Inc. In its counterclaim, New-Side, Inc. seeks to collect $4,645.00 from Mr. Gumieniak.
The defendant presented exhibits 1-7 in substantiation of its claims. Mr. Ferriola stated that New-Side, Inc. ordered the products for Mr. Gumieniak's home through Silver Line. The defendant's claim for $4645.00 is allegedly the balance due on the contract. However, the defendant presented insufficient evidence as to the full nature and extent of the work that was done. Also, Mr. Gumieniak raised questions about the defendant's workmanship and improper installation.
The parties differ sharply as to the defendant's performance pursuant to the contract. Neither has provided the court with sufficient information to establish their respective rights and obligations under the contract. Because the defendant has not established that it is entitled to the alleged balance of the contract price and the plaintiff has established a breach of contract, the court cannot and does not award damages to the defendant on its counterclaim.
Therefore, the court finds that neither party has sustained their burden of showing entitlement to money damages. CT Page 3572
Based on the testimony, the exhibits and oral argument, the court concludes that neither Mr. Gumieniak or New-Side, Inc. are entitled to recover of the other.
Accordingly, the court finds for the defendant on the complaint and for the plaintiff on the counterclaim.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT